RITA EPNER, Respondent, v. EVA RHULEN et al., Appellants, et al., Defendants.— Appeal from a judgment of the Supreme Court entered upon a verdict rendered at Trial Term, Sullivan County and from an order of said court denying defendants-appellants' motion to set aside the verdict and for a new trial. Plaintiff has recovered in negligence for personal injuries sustained when she fell upon an icy sidewalk. The premises of appellant Rhulen and those of appellants Apter adjoin on the southerly side of Broadway in the Village of Monticello. Appellant Rhulen installed the sidewalk on her premises in 1951. The sidewalk on the Apter premises was installed by appellant Sonia Apter and her testator in 1953. The sidewalk area of both premises extended approximately 37 feet from the building line northerly to the curb. In winter, snow was customarily cleared from the building line to a line 10 to 15 feet northerly thereof and was there piled upon the sidewalk. There existed in the sidewalk a saucer-like depression extending on either side of the Rhulen-Apter boundary line and tilting toward the curb. There was evidence that this depressed area extended to the line of the piled snow and that as snow melted from the pile in thawing weather water would fill the depression and, the remaining snow pile acting to retain it as might

a dike, would remain there and with sufficient variations in temperature would alternately freeze and thaw. Plaintiff fell on the ice thus formed which at the time was covered with a thin film of snow. Upon the evidence, and under the rule of liability charged by the court without exception, the jury was warranted in finding affirmative negligence on the part of each of the abutting owners in the construction or repair of the sidewalk and in determining that it was (as the trial court phrased the question) "reasonably foreseeable that the saucerlike depression created would collect water which would freeze and ⁎ ⁎ ⁎ might under the circumstances reasonably have been anticipated that a pedestrian would be injured thereby." The result is consistent, further, with that in Zahn v. City of New York (299 N. Y. 581). We find in the record no legal error of any moment. Judgment and order affirmed, with costs to respondent. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur; Foster, P. J., not voting.